The opinion of the court was delivered by
McEnerv, J.
The relators allege that they are creditors of Karl Kuhn and had instituted suit against him by attachment; that when their suits were instituted the property was under seizure at the suit of the Peoples Bank, also under attachment procedings; that on October 22,1894, the Hon. F. D. King, judge Division 44 B,” Civil District Court, parish of Orleans, on the application of the Peoples Bank, issued an order to sell the property attached as perishable; that the defendant was absent and unrepresented on the trial of the rule, the judgment in which was to sell the property after five days’ advertisement; that all the attachment suits are pending and undetermined; that the rule and the judgment rendered thereon were improvident, because there was no power in the court to order a sale of said property in advance of judgment unless the goods were perishable, which petitioner alleges are not; that the court was with *1422 out authority to order the sale after five days’ advertisement, and without notice to relators.
They applied for a suspensive appeal from the judgment on the rule, which was denied. They pray for relief by mandamus proceeding.
The return of the respondent judge shows that the rule was granted on the application of the Peoples Bank, and served on defendant, who made no appearance; that after hearing evidence he granted the order for the property to be sold after due appraisement and ñve days’ advertisement: that the relators have not made themselves parties to the suit between the Peoples Bank and Karl Kuhn by intervention or otherwise, so as to set up any adverse interest to the plaintiff thereon, nor have they alleged and proved in the lower court that they are aggrieved by said order of sale, and are therefore incompetent to appeal from the said interlocutory order; that the plaintiff prosecuting said suit, the Peoples Bank of New Orleans, has not been made a party to these proceedings as required by Art. 846 of the Code of Practice, and before the order granted herein was signed, issued or served, the said property had already been sold, disposed of and delivered by the sheriff to the purchasers.
We have omitted a part of the respondent judge’s statement in his answer, which alone would be sufficient to deny the relief prayed for, but the attorneys for relator state the rule of court to be, or rather as they allege the custom to be, not to file motions until granted by the judge. As we are not in possession of the rule or the evidence of the custom, we will say nothing about this part of the respondent’s answer.
Article 261, Code of Practice, provides for the sale of perishable property on the application of the plaintiff after the usual advertisement.
The relators deny that any evidence was offered as to the perishable nature of the property, and the attorney for the respondent asserts with equal emphasis that this is a reckless statement. Be this as it may, the respondent judge states that the rule was regularly tried, and we will presume he had ample authority upon which to base his interlocutory order.
The advertisement may not have been of sufficient duration, but of this defect only the defendant in attachment could urge, as the suits of relators were filed after the order to sell was granted, the *1423 property sold and the vendees placed in possession. It is too late to intervene in attachment proceedings to obtain a reversal of interlocutory orders for the preservation of the property, after the order has been granted and the conservatory proceedings fully complied with.
The relators are most assuredly without interest to appeal from said order, decreeing the property to be sold because of its perishable nature.
The relief prayed for is denied at relator’s costs.